# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **DAISY HEAD,** | } |
| **Plaintiff,** | } |
| v. | } Case No.: 7:21-cv-00705-RDP |
| **SMP AUTOMOTIVE, et al.,** | } |
| **Defendants.** | } |

## ORDER

This case is before the court on Plaintiff's First Amended Complaint and Second Amended Complaint. (Docs. # 4, 5). As explained below, Plaintiff's suit is due to be dismissed.

Plaintiff filed her original Complaint on May 20, 2021. (Doc. # 1). Upon review of the Complaint, the court concluded that Plaintiff failed to give Defendants fair notice of the factual and legal allegations that were attributable to each Defendant. (Doc. # 3). Although the Complaint asserted the Defendants violated the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and an unspecified statute against retaliation, the Complaint was unclear as to which of Plaintiff's various claims she intended to prosecute against the various Defendants. (Docs. # 1). And, Plaintiff's Complaint contained facts that were seemingly unrelated to any cause of action. (Doc. # 1).

Faced with that improper pleading, the court ordered Plaintiff to revise her Complaint, setting "forth each claim she is making against each Defendant separately, in a short, plain statement, referencing the statute or law under which each separate claim is brought and the relief

sought under each separate claim." (Doc. # 3 at 2). The court warned Plaintiff that failure to comply with its instructions would result in dismissal. (Doc. # 3 at 2).

Plaintiff failed to comply with the court's instructions. She filed two amended complaints within a one-day time period. (Docs. # 4, 5). Although Plaintiff sets forth factual allegations against various Defendants in those amended complaints, at no point does she "referenc[e] the statute or law under which each separate claim is brought [or] the relief sought under each separate claim." (Doc. # 3 at 2). Instead, Plaintiffs' amended complaints fail to give Defendants adequate notice of the claims against them and, for the reasons explained below, amount to impermissible shotgun pleadings.

Rule 8(a)(2) requires that a plaintiff's complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And, Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "If doing so would promote clarity," Rule 10(b) also mandates that "each claim founded on a separate transaction or occurrence . . . be stated in a separate count . . . ." *Id.* If these rules are violated, an impermissible shotgun pleading often results. The Eleventh Circuit has identified four types of shotgun pleadings that violate the Federal Rules of Civil Procedure:

> The [first and] most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The [second and] next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the

> defendants the claim is brought against. The unifying characteristic of all shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (footnotes omitted); *see Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279-80 (11th Cir. 2006).

Like Plaintiff's original Complaint, her amended complaints are shotgun pleadings of the second and fourth types. All three complaints are full of "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," and none of the complaints "specif[ies] which of the defendants are responsible for which acts or omissions" giving rise to specific causes of action. *Id.* at 1322-23 (footnotes omitted). As a result, any "defendant who reads the complaint[s] would be hard-pressed to understand 'the grounds upon which each claim [against him] rests.'" *Barmapov v. Amuial*, 986 F.3d 1321, 1326 (11th Cir. 2021) (quoting *Weiland*, 792 F.3d at 1322-23). And, because the court has already provided Plaintiff with a fair chance to remedy these deficiencies, dismissal without prejudice is appropriate. *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (citations omitted) ("In the special circumstance of non-merits dismissals on shotgun pleading grounds, we have required district courts to sua sponte allow a litigant one chance to remedy such deficiencies.").

Accordingly, because Plaintiff has failed to comply with the court's instructions and her original Complaint, First Amended Complaint, and Second Amended Complaint each constitute impermissible shotgun pleadings, the court hereby **ORDERS** that this action shall be, and is, **DISMISSED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** this June 23, 2021.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE